UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDERSON JHOAN R.P.,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br><br>Respondents. | No. 1:26-cv-07927-TLN-SCR<br><br>A# 244-510-069<br><br>**RELEASE ORDER** |

This matter is before the Court on pro se Petitioner Anderson Jhoan R.P.'s [1] Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order ("TRO") (ECF No. 2). Respondents filed a consolidated Motion to Dismiss, Answer to Habeas Petition, and Opposition to Motion for TRO. (ECF No. 6.) For the reasons set forth below, Petitioner's habeas petition is GRANTED. (ECF No. 1.) Petitioner's Motion for TRO is DENIED as moot. (ECF No. 2.) Respondents' Motion to Dismiss is DENIED. (ECF No. 6.)

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background

This matter arises out of Petitioner's constitutional and statutory challenges to his civil immigration detention. Petitioner entered the United States on or around April 29, 2024. (ECF No. 6 at 10, 44.) After encountering U.S. Border Patrol, Petitioner was issued a Notice to Appear and released with his family into the United States. (*Id.* at 25.) Petitioner was granted a work permit and Social Security number for work authorization. (*Id.* at 63–64.)

On June 27, 2026, Petitioner was arrested by police officers for a liquor violation and possession of marijuana under two ounces. (*Id.* at 2, 26.) On July 10, 2026, Petitioner was convicted of marijuana possession. (*Id.* at 20-21.) Petitioner was detained at Hood County Jail and on July 12, 2026, he was transferred to the custody of U.S. Immigration and Customs Enforcement ("ICE"). (*Id.* at 25.) He was detained at the Bluebonnet Detention Facility in Anson, Texas. (*Id.* at 30.) He was not provided a bond hearing. (*Id.* at 6, 45.) On August 4, 2026, while detained at the Bluebonnet Detention Facility, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Texas. (*Id.* at 70.) That matter remains pending. (*Id.* at 69–70.) Petitioner was subsequently transferred to the California City Immigration Processing Center. (ECF No. 1 at 2.)

On September 28, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus and Motion for TRO. (ECF Nos. 1, 2.) He challenges the lawfulness of his civil detention and seeks immediate release and in the alternative a bond hearing. (ECF No. 1 at 5.)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its

protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

Petitioner claims he is detained without an identified lawful statutory basis and his detention violates the Fifth Amendment Due Process Clause.[2] (ECF No. 1 at 3–5.) Respondents argue the habeas petition should be dismissed in favor of Petitioner's earlier-filed habeas case before the Northern District of Texas pursuant to the first-to-file rule. (ECF No. 6 at 2–4.) Respondents also argue the petition should be dismissed because Petitioner failed to exhaust his administrative remedies by requesting a *Joseph* hearing to challenge whether he is covered by § 1226(c).[3] (*Id.* at 6–7.) Alternatively, Respondents argue Petitioner is subject to mandatory

---

[2] In the alternative, Petitioner pleads unreasonable or indefinite post order detention if 8 U.S.C. § 1231(a)(6) applies. (ECF No. 1 at 4–5.) However, Petitioner's removal proceedings are ongoing and he is not subject to a final order of removal, thus, he is not subject to 8 U.S.C. § 1231(a)(6) at this time. Therefore, the Court declines to review Petitioner's § 1231(a)(6) argument.

[3] Respondents argue that Petitioner should be required to exhaust his administrative remedies by requesting a hearing pursuant to *Matter of Joseph*, 22 I&N Dec. 799 (BIA 1999). (ECF No. 6 at 2–3.) The Court finds after consideration of the factors articulated in *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007), that prudential exhaustion is not required. First, an administrative appellate record is not necessary to reach a proper decision on Petitioner's due process claim. Second, any risk of deliberate bypass of administrative procedures is reduced by the fact that district courts will only have jurisdiction in the "rare case[s]" where future petitioners allege a "colorable" constitutional or legal challenge to the government's procedures. *Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (citing *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1271 (9th Cir. 1991)). Finally, for the reasons set forth below, seeking a *Joseph* hearing in this case would be futile and it is unlikely that the agency would correct its own mistake. *See, e.g.*, *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1079 (W.D. Wash. 2026) ("Where the issue is whether procedural due process was violated, the Court finds no reason to delay review in favor of allowing the BIA to possibly correct an error."); *Betancourt Ulloa v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03360-DAD-CKD, 2026 WL 2389805, at *1 (E.D. Cal. Aug. 17, 2026) (finding *Joseph* hearing futile where the Notice to Appear did not charge petitioner as inadmissible for a criminal offense even though government asserted 8 U.S.C. § 1226(c) as a post hoc rationalization to justify detention without a hearing). Additionally, because of the significant liberty interest at stake in this case, irreparable injury would result from requiring exhaustion. *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). Thus, the Court declines to require prudential exhaustion in this case.

detention under 8 U.S.C. § 1226(c)(1)(A) because his possession of marijuana conviction renders him inadmissible. (*Id.* at 4–8.)

First, the Court addresses the first-to-file rule. Next, the Court turns to the statutory basis for Petitioner's detention. The Court then addresses Petitioner's constitutional claim.

A. <u>First-to-File Rule</u>

"There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). The rule "applies when two cases involving 'substantially similar issues and parties' have been filed in different districts." *In re Bozic*, 888 F.3d 1048, 1051 (9th Cir. 2018) (*quoting Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015)). "However, this 'first to file' rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter*, 678 F.2d at 95. Courts undertaking the first-to-file analysis should be guided by "the three pillars supporting the first-to-file rule—economy, consistency, and comity." *Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 706 (N.D. Cal. 2021).

Respondents argue dismissal is warranted here because the petition in the Northern District of Texas was filed first, the issues are similar in both Petitions, and Petitioner is the same party. (ECF No. 6 at 4.)

Upon review of the docket in *Perez v. Warden, Bluebonnet Detention Center*, No. 1:26-cv-00384-H (N.D. Tex.), the Court is satisfied that the interests of comity, consistency, and judicial economy would not be served by declining to accept jurisdiction in this case. The Texas court has entered no substantive orders with which this Court's ruling would conflict. (*See id.* at 68–70.)[4] Sufficient briefing has been submitted to this Court to permit it to rule on the habeas

---

[4] Respondents request the Court take judicial notice of its exhibits. (ECF No. 6 at 2 n.1.) The Court takes judicial notice of the Notice to Appear (Exhibit 1), the fact of statements, but not their veracity, of the Form I-213 (Exhibit 3), DHS's administrative warrant (Exhibit 4), and the record documents of *Perez v. Warden, Bluebonnet Detention Center*, No. 1:26-cv-00384-H (N.D. Tex.) (Exhibit 5). Fed. R. Evid. 201 ("The court may judicially notice a fact that is not subject to

petition, and judicial economy would not be favored by staying the present matter, particularly given the substantial liberty interest at stake.

Accordingly, Respondents' Motion to Dismiss is DENIED. (ECF No. 6.)

B. Detention Authority

*i. 8 U.S.C. § 1226(c)(1)(A)*

Petitioner contends he is not lawfully detained under 8 U.S.C. § 1226(c)(1)(A) because the government has not charged Petitioner with a covered offense. (ECF No. 1 at 3–4.) Petitioner argues the only criminal allegation identified is a Class C liquor violation which does not establish Petitioner "falls within a listed mandatory-detention category." (*Id.* at 4.) Respondents argue Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A) because of his controlled substance violation, a possession of marijuana conviction. (ECF No. 6 at 4.) The type of the offense is non-dispositive in this instance because of Respondents' failure to comply with the statutory requirements of Section § 1226(c)(1)(A).

Section 1226(c)(1)(A) states the "Attorney General shall take into custody any [noncitizen] who [ ] is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title." 8 U.S.C. § 1226(c)(1)(A). Section 1182(a)(2) enumerates various categories of crimes, including, as relevant here, crimes involving controlled substances. 8 U.S.C. § 1182(a)(2)(A)(i).

"[T]he plain language of 8 U.S.C. § 1226(c)(1)(A) requires an administrative charge of inadmissibility by reason of having committed an offense covered in 8 U.S.C. § 1182(a)(2) as prerequisite to mandatory detention under that provision." *Colmenares-Pinto v. Warden of Golden State Annex ICE Det. Facility*, No. 1:26-CV-00812-DAD-SCR, 2026 WL 923804, at *2 (E.D. Cal. Apr. 6, 2026), *report and recommendation adopted*, 2026 WL 1430913 (E.D. Cal. May 21, 2026). Indeed, this District routinely finds that § 1226(c)(1)(A) does not authorize mandatory detention where the government has failed to charge a noncitizen with inadmissibility

reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

for an offense covered by § 1182(a)(2). *See id.*; *Miao v. Chestnut,* No. 1:26-cv-1271-KES-SKO, 2026 WL 947020, at *3 (E.D. Cal. April 8, 2026); *Lopez v. Warden, California City Det. Facility*, No. 1:26-CV-4852-DC-JDP, 2026 WL 2280944, at *3 (E.D. Cal. Aug. 7, 2026).

The Board of Immigration Appeals has ruled similarly, and further explains that, although the government may later cure the failure to charge the basis for mandatory detention, it must be rectified with proper notice and an opportunity to challenge detention:

> Where the ground for removal subjects [a noncitizen] to mandatory detention, the charging document serves as notice to the [noncitizen] of the circumstances relied on by the [Department of Homeland Security] to detain him. However, where the basis for detention is not included in the charging document, the [noncitizen] must be given notice of the circumstances or convictions that provide the basis for mandatory detention and an opportunity to challenge the detention before the Immigration Judge during the bond redetermination hearing.

*Matter of Kotliar*, 24 I&N Dec. 124 (BIA 2007).

A Notice to Appear is the typical charging document in immigration proceedings. 8 C.F.R. § 1003.13; *see also* 8 U.S.C. § 1229(a)(1) (the Notice to Appear must specify "[t]he nature of the proceedings against the [noncitizen]," "the legal authority under which the proceedings are conducted," and "the acts of conduct alleged to be in violation of the law.").

Taken together, where the government has failed to charge or notify a detainee of an offense covered by § 1182(a)(2), § 1226(c)(1)(A) does not govern their detention.

Here, Petitioner's Notice to Appear lists a single basis for removability:

> 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act.

(ECF No. 6 at 13.) Petitioner is charged with inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as a noncitizen who, at the time of his application for admission, did not have

a valid entry document and valid unexpired passport.[5] (*Id.* at 13.) The Notice to Appear does not state that Petitioner is charged with inadmissibility under § 1182(a)(2) nor does it reference his criminal convictions. In other words, the Notice to Appear does not charge or notify Petitioner of any offense giving rise to detention under 8 U.S.C. § 1226(c)(1)(A). (*Id.*) Respondents do not provide an additional or amended Notice to Appear following Petitioner's marijuana conviction. (*See id.*) Nor do Respondents argue Petitioner was sufficiently notified or provide any authority for the proposition that the government may detain noncitizens under § 1226(c)(1)(A) without notifying them of the basis for mandatory detention. To permit otherwise would raise serious due process concerns.

Accordingly, the Court finds Petitioner is not properly subject to detention pursuant to 8 U.S.C. § 1226(c). *Betancourt Ulloa v. Warden, California City Correctional Center*, No. 26-cv-03360-DAD-CKD, 2026 WL 2389805, at *2 (E.D. Cal. Aug. 17, 2026).

*ii. 8 U.S.C. § 1226(a)*

Respondents do not present any alternate bases of authority for detention. However, having found 8 U.S.C. § 1226(c) does not govern, the Court determines Petitioner's detention is governed by 8 U.S.C. § 1226(a).

Two statutory sections govern the detention of noncitizens prior to a final order of removal: 8 U.S.C. §§ 1225 and 1226. Section 1226 "authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis added). Detention pursuant to § 1226(a) is discretionary. *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167 (9th Cir. 2026).

Petitioner was arrested in Hood County, Texas after living in this country for two years, and local law enforcement transferred Petitioner to immigration custody. (ECF No. 6 at 1–2, 20.) Therefore, Petitioner was already in the country when he was detained and 8 U.S.C. § 1226(a) applies. Moreover, Petitioner was issued an arrest warrant by the Department of Homeland Security on July 12, 2026 "pursuant to [8 U.S.C. § 1226(a)]" and he is in standard removal

[5] Immigration and Nationality Act § 212 is codified at 8 U.S.C. § 1182.

proceedings. (*Id.* at 10, 28.) Thus, Petitioner is entitled to the procedural safeguards afforded by 8 U.S.C. § 1226(a).

C. Fifth Amendment Due Process Clause

Petitioner alleges continued detention without a "meaningful and timely opportunity to contest necessity" violates due process. (ECF No. 1 at 4.) Respondents argue § 1226(c) applies and Petitioner has no statutory right to a bond hearing. (ECF No. 6 at 4–8.) Having determined § 1226(a) applies, the Court finds Respondents' argument unavailing.

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

*i. Liberty Interest*

"Freedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025). To determine whether an individual's specific conditional release rises to the level of a protected liberty interest, courts have "compar[ed] the specific conditional release in the case before them with the

liberty interest in parole as characterized by *Morrissey*." *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO, 2025 WL 2617255, at *3 (E.D. Cal. Sept. 9, 2025).

Here, Petitioner gained a protected liberty interest in his continued freedom when he was paroled, admitted, and released by immigration authorities on April 29, 2024. (ECF No. 6 at 2, 13.) Under *Morrissey*, this release was an implied promise that Petitioner would not be re-detained during the pendency of his immigration proceedings. As this Court has found previously, along with many other courts in this district when confronted with similar circumstances, Petitioner has a clear interest in his continued freedom as he awaits the outcome of his immigration proceedings. *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

Petitioner's criminal history does not alter the Court's conclusion. As discussed above, Petitioner is not subject to mandatory detention because of his criminal history. Petitioner has a liberty interest in his release from immigration detention protected by the Due Process Clause.

*ii) Procedures Required*

Having found a protected liberty interest, the Court examines what process is necessary to ensure any deprivation of that interest accords with the Constitution. The Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Due process rights in the immigration context "must account for the government's countervailing interests in immigration enforcement." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

As to the first *Mathews* factor — Petitioner's private interest — Petitioner has a substantial private interest in remaining free from detention. Despite Petitioner's strong liberty interest found above, Petitioner has been detained, separated from his family, and unable to work

for over three months without notice or an opportunity to be heard. Accordingly, this factor weighs in favor of finding Petitioner's private interest has been impacted by his detention.

As to the second *Mathews* factor — the risk of erroneous deprivation — the Court finds the risk here is considerable where Petitioner has received no procedural safeguards such as a bond or custody redetermination hearing. *See H.F. v. Albarran*, No. 1:25-CV-01795-TLN-EFB, 2025 WL 3691081, at *5 (E.D. Cal. Dec. 19, 2025) ("As to the second *Mathews* factor — the risk of erroneous deprivation — the Court finds the risk here to be considerable. . . . This is particularly so as Petitioner has already been released from incarceration twice: first from immigration detention on his own recognizance, and second from criminal detention. . . .")

8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022). The statute provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Id.* at 1202. Petitioner did not receive the requisite extensive procedural protections of 8 U.S.C. § 1226(a). There is no evidence in the record that Respondents provided Petitioner an initial custody determination, as required, nor provided the basis for his detention. *See Zurita Navarro* v. *Warden Ctrl. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (collecting cases and enumerating procedural violations of § 1226(a), including "failure to provide the petitioner with an initial custody determination either prior to or contemporaneously with detention," and "failure to provide the petitioner with the basis for the petitioner's continued detention"). The Court therefore concludes that the risk that Petitioner is erroneously being deprived of liberty is considerable.

Finally, as to the third *Mathews* factor — government interest — the cost and time of procedural safeguards are minimal. Notice and custody determination hearings are routine processes for Respondents, indeed, they are they very safeguards owed to Petitioner by statute. Nor do Respondents argue they would be burdened.

Upon consideration of the *Mathews* factors, due process required notice and a hearing as to Petitioner's detention. Respondents have not provided sufficient notice or any hearing either pre- or post-detention in over three months of custody. Petitioner's detention thus violates the Fifth Amendment and Petitioner's procedural due process rights.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.) IT IS HEREBY ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Anderson Jhoan R.P. (**A # 244-510-069**) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. Respondents must file a **notice certifying compliance** with this provision of the Court's Order **within two (2) court days** from the date of this Order.

2. Respondents are ENJOINED and RESTRAINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226, absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government shows by clear and convincing evidence: (1) Petitioner is subject to 8 U.S.C. § 1226(c) after issuing a proper charge for covered offenses, or (2) the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. Respondents' Motion to Dismiss is DENIED. (ECF No. 6.)

4. Petitioner's Motion for TRO is DENIED as moot. (ECF No. 2.)

5. The Clerk of Court is directed to serve this Order on the **California City Immigration Processing Center**.

6. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

//

//

//

IT IS SO ORDERED.

**DATE: November 2, 2026**

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE